## Barletta Estate

*Joseph V. Agresti*, for executrix.

*Edward G. Petrillo*, for Joseph Barletta.

*Robert Kilgore*, trustee ad litem for Felicita Coco-vella and Cermella Zavarella.

*Thomas S. Mszanowski*, for purchasers.

ROBERTS, P. J., January 2, 1958.—Decedent, Assunta Barletta, was killed by her husband, Joseph Barletta, on August 4, 1957; on November 16, 1957, he was found guilty by a jury of voluntary manslaughter, and on November 20, 1957, sentence was imposed upon him for that offense. Decedent's will, dated June 18, 1956, was duly admitted to probate on August 22, 1957. Letters testamentary were issued to Consola Fiore, sister of decedent and sole beneficiary under the will. The slayer and his wife acquired title to the premises known as 1925 West Twenty-fourth Street, Erie, as tenants by the entireties, by deed dated February 28, 1953, and recorded in Erie County Deed Book 644, page 35. This property was subject to a mortgage lien of record at the time of decedent's death in the approximate amount of $1,500.

The petition of executrix requests that we determine the interest of Consola Fiore under the will in view of the provisions of the Slayers' Act, and that the court approve the proposed sale of the above realty for the sum of $7,000. The petition avers that Consola Fiore and Joseph Barletta have agreed to divide equally the net proceeds to be derived from the sale. All parties in interest, including decedent's sisters and brothers here

and abroad (a trustee ad litem was appointed for those residing outside the United States) as well as judgment creditors of Joseph Barletta were given notice of this proceeding.

Section 5 of the Slayers' Act of August 5, 1941, P. L. 816, 20 PS §3445, provides as follows:

"One-half of any property held by the slayer and the decedent as tenants by the entirety shall pass upon the death of the decedent to his estate, and the other half shall be held by the slayer during his life, subject to pass upon his death to the estate of the decedent."

Decedent and her husband acquired title to the realty after the effective date of the Slayers' Act. The interest of decedent's estate in the realty is, in this instance, governed by section 5 of the act. Upon decedent's death on August 4, 1957, half of the property passed to her estate. The other half is subject only to a life estate held by the slayer and upon his death it passes to decedent's estate. It is this interest of decedent's estate, subject to the slayer's life interest in half of the property, which is within the jurisdiction of this court.

We are of the opinion that the validity of decedent's will is not impaired in any particular by the Slayers' Act, nor is the interest of Consola Fiore as the sole beneficiary thereunder adversely affected or diminished. We therefore hold that decedent, Assunta Barletta, died testate on August 4, 1957, and that Consola Fiore is the sole beneficiary under decedent's will.

We find from the evidence that the proposed sale is in the interest of decedent's estate and is desirable for the proper administration and final distribution of her estate. We find also that the proposed purchase price of $7,000 for the entire fee simple interest to the parcel of realty is more than may be obtained at public sale. These findings are made in the absence of any objec-

tion being interposed or voiced by any party in interest to the proposed sale.

We, therefore, in conformity with section 543 of the Fiduciaries Act of 1949 and the prayer of the petition, hereby authorize Consola Fiore, executrix, to join in the conveyance of decedent's estate's interest in the property known as 1925 West Twenty-fourth Street, Erie, to the proposed purchaser for the sale price of $7,000. The personal representative, being a non-resident and having already posted a $5,000 corporate surety bond, is excused from entering additional security prior to receiving the proceeds of the proposed sale.

It should perhaps be observed that although we have here adjudicated the validity of decedent's will and Consola Fiore's interest as the sole beneficiary thereunder, and have authorized her to join in conveying decedent's estate's interest in the realty for the proposed purchase price, we do not now pass upon the division of the net purchase price between decedent's estate and the life interest, nor do we approve any agreement for division of such proceeds between the sole beneficiary and the slayer. This adjudication, therefore, is not to be construed as a determination involving any aspect of distribution of the net proceeds of the proposed sale.

Accordingly we enter the following:

### Decree

And now, to wit, January 2, 1958, it is hereby ordered, adjudged and decreed as follows:

1. Consola Fiore, executrix, is hereby authorized to join in conveying the interest of the estate of Assunta Barletta, deceased, in the property known as 1925 West Twenty-fourth Street, Erie, recorded in Erie County Deed Book 644, page 35, to Martin Janosec, Jr., and Helen M. Janosec, his wife, proposed purchasers, for the sale price of $7,000, said conveyance

to be in accordance with the provisions of section 543 of the Fiduciaries Act of 1949.

2. The executrix is authorized to receive the proceeds of the sale without entering additional security.

3. The parties shall bear their respective costs.